UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHERYL RIPLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br>TRINITY HEALTH CORPORATION, TRINITY HEALTH OF NEW ENGLAND CORPORATION, INC., and SAINT FRANCIS HOSPITAL AND MEDICAL CENTER,<br><br>Defendants. | CIVIL ACTION NO. 3:19-CV-01811-RNC |

**JOINT MOTION TO APPROVE FLSA SETTLEMENT**

        **SCHNEIDER WALLACE**
        **COTTRELL KONECKY LLP**

        */s/ Robert E. Morelli, III*
        Carolyn H. Cottrell (*pro hac vice*)
        Ori Edelstein (*pro hac vice*)
        Robert E. Morelli, III (*pro hac vice*)
        2000 Powell Street, Suite 1400
        Emeryville, California 94608
        Tel: (415) 421-7100; Fax: (415) 421-7105
        ccottrell@schneiderwallace.com
        oedelstein@schneiderwallace.com
        rmorelli@schneiderwallace.com

        John J. Nestico
        6000 Fairview Road, Suite 1200
        Charlotte, North Carolina 28210
        Tel: (510) 740-2946; Fax: (415) 421-7105
        jnestico@schneiderwallace.com

        *Attorneys for Plaintiff, Class, and Collective Members*

        [Additional attorneys listed in signature block]

1

**TABLE OF CONTENT**

| | | |
|---|---|---|
| I. | JOINT MOTION TO APPROVE FLSA SETTLEMENT | 4 |
| II. | BACKGROUND | 4 |
| III. | TERMS OF THE PROPOSED SETTLEMENT | 5 |
| IV. | MEMORANDUM OF LAW | 6 |
| V. | STANDARD OF REVIEW | 6 |
| | a. There is a Bona Fide Dispute Regarding Liability and Damages. | 7 |
| | b. The Settlement is Fair and Reasonable. | 8 |
| | c. Plaintiff's Counsel's Requested Award of Attorneys' Fees and Costs Is Reasonable and Should Be Fully Granted. | 10 |

# **TABLE OF AUTHORITIES**

**Cases**

*Allard v. Round Robin Operations LLC*,
  No. 3:19-cv-01541 (JAM) (SDV), 2021 U.S. Dist. LEXIS 250072, 2021 WL 6337743 (D. Conn. July 13, 2021) ....................................................................................................... 7

*Aros v. United Rentals, Inc.*,
  No. 3:10-CV-73 (JCH), 2012 U.S. Dist. LEXIS 104429 (D. Conn. July 26, 2012) ...................

*Butler- Jones v. Sterling Casino Lines, L.P.*,
  No. 6:08-cv-01186-Orl-35DAB, 2009 U.S. Dist. LEXIS 136906 (M.D. Fla. Oct. 1, 2009) ...... 7

*Flores v. CGI Inc.*,
  No. 22-CV-350 (KHP), 2022 U.S. Dist. LEXIS 192572 (S.D.N.Y. Oct. 21, 2022) ................... 8

*Labalme v. Oasis Charger Corp.*,
  *No. 3:20CV01223(SALM),* 2021 U.S. Dist. LEXIS 250997 (D. Conn. Aug. 20, 2021) ..............

*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350 (11th Cir. 1982) ..................................................................................... , 9, 10

*Melendez v. Rockaway Maint. Partners Corp.*,
  No. 22-cv-10679 (LJL), 2023 U.S. Dist. LEXIS 209811 (S.D.N.Y. Nov. 22, 2023) .................. 7

*Najera v. Kurtishi,*
  No. 21-cv-01309 (ER), 2024 U.S. Dist. LEXIS 8537 (S.D.N.Y. Jan. 17, 2024) .........................

*Rotuna v. W. Customer Mgmt. Grp. LLC*,
  No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) .................................................. 7

*Singh v. Pelican Mgmt. Inc.*,
  No. 23-CV-10284 (PMH), 2025 U.S. Dist. LEXIS 6611 (S.D.N.Y. Jan. 13, 2025) ....................

*Wolinsky v. Scholastic, Inc.*,
  900 F. Supp. 2d 332 (S.D.N.Y. 2012) ............................................................................ 7, 8, 9

**Statutes**

29 U.S.C. § 216 ............................................................................................................................ 7

## I.   JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiff Cheryl Ripley ("Plaintiff") and Defendants Trinity Health Corporation, Trinity Health of New England Corporation, Inc., and Saint Francis Hospital and Medical Center (collectively, "Defendants") move this Court to approve the parties' settlement of these Fair Labor Standards Act ("FLSA") claims. The settlement represents a fair and reasonable resolution of a bona fide FLSA dispute. The parties therefore respectfully request the Court grant this Motion, approve the Settlement Agreement, and dismiss this case with prejudice. The parties contemporaneously submit a memorandum in support of this motion.[1]

## II.   BACKGROUND

Plaintiff filed this case as a putative FLSA collective action on November 14, 2019. (ECF No. 1). Plaintiff was employed as a Certified Nursing Assistant ("CNA") at Saint Francis Hospital in Hartford, Connecticut from approximately 2001 to January 2019. She alleged that Defendants failed to pay her and all other non-exempt hourly "patient care" employees all overtime and minimum wages owed to them under the FLSA and required employees to work through meal breaks. *See generally id.* From 2019 to late 2021, the parties engaged in lengthy and contentious motion practice—including motions for protective orders, motions to dismiss, and motions to stay—and discovery regarding various issues, including if Trinity Health Corporation jointly employed Ms. Ripley.

---

[1] Plaintiff files the settlement agreement provisionally under seal. On June 10, 2025, Plaintiff's counsel emailed Defendant's counsel, explain that he "called [her] earlier today and also left a message with [her] assistant. We waited to file given that the settlement agreement provides that 'Plaintiff will not oppose Defendants' efforts to have the Court review this Settlement Agreement under seal for in camera review.' Since we have not heard back from you, we will file the motion tonight by 5:00 pm ET with the agreement provisionally under seal."

Despite continued disagreements over factual and legal issues in the case, Plaintiff ultimately agreed to withdraw the claims against Trinity Health Corporation to moot the pending Motion to Dismiss the Amended Complaint and proceed with pre-certification discovery. Thereafter, the parties began settlement negotiations in late 2023, exchanging numerous offers and counteroffers. However, after those negotiations appeared unproductive, Plaintiff served additional discovery, and the parties submitted proposed case schedules (ECF No. 179-180). Judge Chatigny then referred the parties to Magistrate Judge Robert A. Richardson to conduct a settlement conference. (ECF No. 192). After a nearly nine (9) hour settlement conference with Judge Richardson, the parties reached this settlement in principle on January 8, 2025. (ECF No. 201). The final settlement agreement was executed on June 2, 2025

### III.     TERMS OF THE PROPOSED SETTLEMENT

The Settlement Agreement provides that Defendants will pay the total gross sum of $44,000.00, inclusive of Plaintiff's attorneys' fees and costs. The Agreement is attached hereto **Exhibit 1.** From the gross settlement amount, the Plaintiff receives wages and liquidated damages in the amount of $7,000.00. **Plaintiff's counsel estimates this to be 100% of her maximum recovery**. This amount was negotiated separately from Plaintiff's attorney's fees and costs.

In exchange for the payments to be made under the Settlement Agreement, Plaintiff agreed to dismiss this litigation with prejudice, along with other promises. Specifically, Ms. Ripley releases Defendants from all wage and hour claims, known and unknown, asserted or unasserted, including, but not limited to, any alleged violation of the FLSA, or any Connecticut state law claim for the recovery of any wages or associated penalties. Ex. 1 at ¶ 3.

5

## IV. MEMORANDUM OF LAW

The settlement fairly and reasonably resolves the parties' claims and defenses and was negotiated at arm's length between counsel for all parties. As such, the Court should enter an order approving the settlement.

### a. Standard for Approval of Settlement of FLSA Claims.

In reviewing a settlement of a private FLSA claim, the court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Butler- Jones v. Sterling Casino Lines, L.P.*, No. 6:08-cv-01186-Orl-35DAB, 2009 U.S. Dist. LEXIS 136906, at *4 (M.D. Fla. Oct. 1, 2009). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## V. STANDARD OF REVIEW

Courts reviewing FLSA settlements must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (citation omitted); *see also Melendez v. Rockaway Maint. Partners Corp.*, No. 22-cv-10679 (LJL), 2023 U.S. Dist. LEXIS 209811, *11-12 (S.D.N.Y. Nov. 22, 2023) ("At the most basic level, there must be a dispute

between the employer and employee over issues such as the number of hours worked or the regular rate of pay."). Thus, the Court must determine if the settlement is "fair and reasonable." *Allard v. Round Robin Operations LLC*, No. 3:19-cv-01541 (JAM) (SDV), 2021 U.S. Dist. LEXIS 250072, 2021 WL 6337743, at *1 (D. Conn. July 13, 2021) (citing *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).'

Courts in this Circuit use the non-exhaustive *Wolinsky* factors to make this fair and reasonable determination. *Ramirez v. Odell Pizza, Inc.*, No. 3:23-CV-00809-TOF, 2024 U.S. Dist. LEXIS 121502, *4 (D. Conn. July 3, 2024) (citing *Wolinsky*, 900 F. Supp. 2d at *335). These factors include

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risk faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at *335. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Flores v. CGI Inc.,* No. 22-CV-350 (KHP), 2022 U.S. Dist. LEXIS 192572, at *25 (S.D.N.Y. Oct. 21, 2022) (internal quotations omitted).

   a. <u>There is a Bona Fide Dispute Regarding Liability and Damages.</u>

The Court should approve this settlement because it resolves a bona ride dispute over liability and damages. Plaintiff claims Defendants unlawfully denied her overtime compensation. Defendants claim that Plaintiff was appropriately paid for all compensation due and therefore is not owed any additional compensation or other wages under the FLSA or Connecticut law.

7

Moreover, the Parties fiercely contested whether Trinity Health Corporation even employed Plaintiff. *See* Motions to Dismiss (ECF No. 31 and 59). In addition to their many disputes regarding liability, the parties had opposing views on other damages components such as how to calculate damages and whether liquidated damages were available.

Although the parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation, discovery, and the uncertainty of dispositive motion practice, certification/decertification, and trial, the parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement and dismissal of this case with prejudice to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.")

    b. <u>The Settlement is Fair and Reasonable.</u>

The settlement achieved here reflects a reasonable compromise over contested issues and should be approved because it meets all the *Wolinsky* factors.

The proposed settlement allows Plaintiff to recover a substantial amount of the wages she allegedly lost. The amount she is to receive under the terms of the Settlement Agreement represents **100%** of the amount of the damages calculated by Plaintiff's counsel. This compromise is reasonable under any circumstances, let alone in light of the risks of litigating this matter, such: recovering little or nothing at all; decertification of the collective, if certified; and deposition testimony undermining the merits of Plaintiff's claims. Likewise, the Parties had very divergent positions on liability overall and damages. Thus, Plaintiff and Plaintiff's Counsel believe this is a

8

fair recovery considering that Defendants have: (1) reasonable arguments for why Plaintiff should not recover; (2) a strong chance of successfully opposing conditional certification and compelling arbitration; (3) legitimate arguments that liquidated damages are not available; and (4) arguments that even if Plaintiff prevailed, the damages would be very low.

This settlement was reached through arm's-length negotiations between the Parties through experienced attorneys with the help of Judge Richardson. This fact alone undercuts any fear of fraud or collusion. *See Lapan v. Dick's Sporting Goods, Inc.*, No. 1:13-cv-11390-R, 2015 U.S. Dist. LEXIS 169508, *3 (D. Mass. Dec. 11, 2015) ("The assistance of an experienced mediator, Hunter Hughes, reinforces that the Settlement Agreement is non-collusive."). Further, Plaintiff's Counsel has the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiff's Counsel also have a long-standing multijurisdictional practice representing employees with similar claims. Defense counsel is likewise experienced in defending similar claims. Counsel for both parties have advised their respective clients regarding the settlement, and they recommended judicial approval. Courts routinely give those recommendations weight. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Moreover, the seriousness of the litigation risk and the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. Without question, if the case had not settled, the parties would have spent significant time and resources conducting further discovery, as well as arguing certification and decertification and other dispositive motions. After the resolution of these motions, the parties would have engaged in expensive and extensive efforts to prepare pretrial

submissions and prepare for trial in this matter while those motions were pending and, eventually, may have faced the prospect of an expensive, lengthy trial as well as likely post-trial motions and appeals and post-trial motions. Indeed, if this matter did not settle, the parties anticipated years of additional litigation and hundreds of thousands of additional dollars of attorney's fees and costs. Rather than take this path, the parties directed their efforts toward an informed, efficient resolution of Plaintiff's claims. While several issues remain disputed in this litigation, the fact investigation processes enabled counsel to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement is in the parties' best interests. The settlement eliminates the inherent risks both sides would face if this case were to continue. Under these circumstances, the settlement is fair, reasonable, and adequate and the Court should approve it.

   c. Plaintiff's Counsel's Requested Award of Attorneys' Fees and Costs Is Reasonable and Should Be Fully Granted.

The proposed $37,000.00 award of attorneys' fees and costs is fair, reasonable, and should be approved. As of the settlement conference, Plaintiff's litigation expenses totaled $7,559.07. Plaintiffs' counsel also spent hundreds of hours litigating this matter over the course of the last several years. Plaintiff's counsel estimate that they spent 635.90 hours litigating this matter. Plaintiff's counsel thus incurred significant fees litigating this matter over the course of the last several years. Plaintiff's counsel historically has hourly rates approved from around $700 to over $1,000 for attorneys. *See Beissel v. W. Flyer Express, LLC*, No. CIV-21-903-R, 2023 U.S. Dist. LEXIS 197749, at *9 (W.D. Okla. Nov. 3, 2023) (finding Plaintiff's counsel rates of between $680 to $1,295 for attorneys reasonable);[2] *Amaraut v.Sprint/United Mgmt. Co.*, 2021 WL 3419232, 2021 U.S. Dist. LEXIS 147176, at *20 (S.D. Cal. Aug. 5, 2021), ("the hourly rates of [SWCK] …

---

[2] The specific hourly rates were not discussed in the *Beiseel* order but were discussed in the relevant moving papers.

10

are reasonable, and that the estimated hours expended are reasonable" where "[t]wenty-five attorneys and paralegals from SWCK spent 1,707.90 hours on [the] case, with billing rates ranging from $300 to $450 for the paralegals and $680 to $1,005 for the attorneys"); *See also Huddleston v. John Christner Trucking LLC*, No. 4:17-cv-00549-GKF-CDL, ECF 285 (N.D. Okla. Oct. 31, 2022) (approving a one-third fee award and finding "Class Counsel have extensive experience, reputation, and ability that propelled the excellent result obtained for the Class Members" and "the requested fee award is consistent with consumer and wage and hour class and collective action litigation in this Circuit and across the country"). Here, at the time of the settlement conference, Plaintiff's counsel accrued $479,497.50 in attorney's based on similar rates. This equates to an effective hourly rate of $754.04.  Defendant disputes that these hourly rates are appropriate for this jurisdiction or for the experience of the junior level attorneys involved. However, even when billed at a reduced hourly-rate of $450 per hour, *see Singh v. Pelican Mgmt. Inc.,* No. 23-CV-10284 (PMH), 2025 U.S. Dist. LEXIS 6611, at *6 (S.D.N.Y. Jan. 13, 2025), Plaintiffs' counsel accrued roughly $286,155 fees alone. With litigation expenses of $7,559.07, this results in total fees of $29,440.93. This equates to an effective hourly rate of $46.29.

The attorneys' fees provision of the FLSA is meant to encourage lawyers to provide legal services to those whose claims might be too small to justify the retention of counsel. *Aros v. United Rentals, Inc.,* No. 3:10-CV-73 (JCH), 2012 U.S. Dist. LEXIS 104429, at *13 (D. Conn. July 26, 2012). Adequate compensation for these attorneys furthers the remedial purposes of the FLSA. *Id.* "Where the fees are set as part of negotiations between the parties, there is a greater range of reasonableness for approving attorney's fees." *Labalme v. Oasis Charger Corp.*, No. 3:20CV01223(SALM), 2021 U.S. Dist. LEXIS 250997, at *8 (D. Conn. Aug. 20, 2021) (quoting

11

*Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)) (internal citations and quotation marks omitted).

As stated above, the complexity of this case and the novelty of the issues presented require a high level of skill and knowledge regarding wage and hour collective action law. Plaintiff's Counsel respectfully submits that they possess unique skills and qualifications in wage and hour litigation and maintain nationwide class and collective action wage and hour practices. They thus understand first-hand the risks, difficulties and costs associated with actually preparing and taking a wage and hour collective action to trial as opposed to negotiating a favorable compromised settlement agreement.

Thus, Plaintiffs' attorneys' fees and costs are reasonable given the result obtained in the settlement. *See Singh,* 2025 U.S. Dist. LEXIS 6611 at *2 (awarding $13,052.00 in attorney's fees and costs and $18,190.62 in damages split between two plaintiffs); *see also Najera v. Kurtishi,* No. 21-cv-01309 (ER), 2024 U.S. Dist. LEXIS 8537, at *12 (S.D.N.Y. Jan. 17, 2024) (calculating counsel's hourly rate and awarding $22,194.80 in attorney's fees and costs and $4,594 in damages to plaintiff). This case was actively litigated, and Defendant does not challenge that the attorney's fees and costs award reached as part of this settlement are fair and reasonable.

. . .

For these reasons, the Court should grant this Motion, approve this Settlement, and dismiss this case with prejudice.

Respectfully submitted this 10th day of June 2025.

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*/s/ Robert E. Morelli, III*
Carolyn H. Cottrell (*pro hac vice*)
Ori Edelstein (*pro hac vice*)
Robert E. Morelli, III (*pro hac vice*)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

John J. Nestico
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

*Attorneys for Plaintiff, Class, and Collective Members*

**&**

Elizabeth R. McKenna (CT28113)
LITTLER MENDELSON, P.C.
One Century Tower265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
emckenna@littler.com
lalexander@littler.com

ATTORNEYS FOR DEFENDANTS TRINITY HEALTH CORPORATION, TRINITY HEALTH OF NEW ENGLAND CORPORATION, INC., and SAINT FRANCIS HOSPITAL AND MEDICAL CENTER.

13

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's CM/ECF filing system.

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III